ACCEPTED
07-17-00133-CV
SEVENTH COURT OF APPEALS
AMARILLO, TEXAS
9/6/2017 4:19 PM
Vivian Long, Clerk

# TEXAS COURT OF APPEALS FOR THE SEVENTH DISTRICT
## AMARILLO, TEXAS

FILED IN
7th COURT OF APPEALS
AMARILLO, TEXAS
9/6/2017 4:19:05 PM
VIVIAN LONG
CLERK

### NO. 07-17-00133-CV

## JOHN B. GORDON AND RUTH A. GORDON,
### Appellants

### v.

## JASON DEMMON AND JUTTA DEMMON,
### Appellees

### v.

## MONA MARIE COUNTS,

### Intervenor.

---

## FROM THE 169TH DISTRICT COURT, BELL COUNTY
## CAUSE NO. 249,484-C

---

## BRIEF OF JASON DEMMON AND JUTTA DEMMON, APPELLEES

---

Jay R. Beatty
State Bar No. 01992450
E-mail: jbeatty@mbaattorneys.com
Robert "Alex" Bass
State Bar No. 24069348
E-mail: abass@mbaattorneys.com
Michalk, Beatty & Alcozer, L.P.
3106 South W. S. Young Dr., D-401
Killeen, Texas 76542
Telephone: (254) 526-3024
Facsimile: (254) 526-2545

# IDENTITY OF THE PARTIES

| **Appellants** | **Appellees** |
|---|---|
| JOHN B. GORDON and RUTH A. GORDON | JASON DEMMON and JUTTA DEMMON |

| **Appellant's Trial Counsel** | **Appellees' Trial Counsel** |
|---|---|
| Jeremy J. Brewer<br>Richie & Gueringer, P.C.<br>112 Pecan, Suite 1420<br>San Antonio, Texas 78205<br>Telephone: (210) 220-1080<br>Facsimile: (210) 220-1088<br>E-mail: jbrewer@rg-santonio.com | Jay R. Beatty<br>State Bar No. 01992450<br>E-mail: jbeatty@mbaattorneys.com<br>Robert "Alex" Bass<br>State Bar No. 24069348<br>E-mail: abass@mbaattorneys.com<br>Michalk, Beatty & Alcozer, L.P.<br>3106 South W. S. Young Drive<br>Building D, Suite 401<br>Killeen, Texas 76542<br>Telephone: (254) 526-3024<br>Facsimile: (254) 526-2545 |

| **Appellant's Appellate Counsel** | **Appellees' Appellate Counsel** |
|---|---|
| Troy L. Voelker<br>State Bar No. 20598400<br>McNery & Voelker, P.C.<br>500 Round Rock Avenue<br>Suite 2<br>Round Rock, Texas 78664<br>Telephone: (512) 255-6940<br>Telecopier: (512) 255-6975<br>E-mail: troy@mcneryvoelker.com | Jay R. Beatty<br>State Bar No. 01992450<br>E-mail: jbeatty@mbaattorneys.com<br>Robert "Alex" Bass<br>State Bar No. 24069348<br>E-mail: abass@mbaattorneys.com<br>3106 South W. S. Young Drive<br>Building D, Suite 401<br>Killeen, Texas 76542<br>Telephone: (254) 526-3024<br>Facsimile: (254) 526-2545 |

INTERVENOR:   MONA MARIE COUNTS

Intervenor's Attorney at Trial and on Appeal:

Joe Michael Russell
Harrell, Stoebner & Russell, P.C.
2016 Bird Creek Drive
Temple, Texas 76502
Telephone: (254) 771-1855
Facsimile: (254) 771-2082
E-mail: mike@templelawoffice.com

TRIAL JUDGE:

The Honorable Gordon G. Adams
Post Office Box 324
Belton, Texas 76513
Telephone: (254) 933-5265
Facsimile: (254) 933-5933

## TABLE OF CONTENTS

IDENTITY OF THE PARTIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   i

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   iv

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   vi

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

ISSUES PRESENTED FOR REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . .   2

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

ARGUMENT

      **ISSUE 1:**

      **The Trial Court erred in granting the scope of the easement. The
easement granted is excessive. There was sufficient evidence
presented to support Demmons' affirmative defense of limitation.
Any easement granted should be limited to what is necessary to
access the Gordons' property** . . . . . . . . . . . . . . . . . . . . . . . . . . .   6

      **ISSUE 2:**

      **Easement by Estoppel. The Trial Court did not err when they
did not grant the Gordons an easement by estoppel** . . . . . . . . . .   12

PRAYER FOR RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   13

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   14

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . . . . . .   16

APPENDIX . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  17

John B. Gordon and Ruth A. Gordon
v.
Jason Demmon and Jutta Demmon
Appellees' Brief                                                                    v

# INDEX OF AUTHORITIES:

Cases:

*Kazmir v. Benevides*, 288 S.W.3d 557, 564 (Tex. App. – Houston [14th Dis.] 2009, no pet)

*Martin V. McDonald*, 247 S.W.3d 224, 235 (Tex. App. – El Paso 2006, no pet.)

*Niles v. Dean*, 363 S.W.2d 317 (Tex. Civ. App. – Beaumont 1953, writ ref'd n.r.e)

*Lambert v. Weir.*, 27 Tex. 359 (Tex. 1864)

*Wright v. Giles*, 129 S.W. 1163 (Tex. Civ. Ap. 1910, writ ref'd)

*Wiggins v. Hamilton Oil Co. of Texas*, 203 S.W.2d 252, 257 Tex. Civ. App. – Beaumont 1947, writ ref'd n.r.e.)

*Clark v. Asbury*, 134 S.W. 286 (Tex. Civ. App. 1911, no writ)

*Philadelphia Trust Co. v. Johnson*, 257 S.W. 280 (Tex. Civ. App. – Beaumont 1923, writ denied)

**Callan v. Walters**, 190 S.W. 829 (Tex. Civ. App. – Austin, 1916, no writ)

**Hamrick v. Hard**, 446 S.W. 3d 377 (Tex. 2014)

**STATUTES:**

*Tex. Civ. Prac. & Remedy Code §16.025. Adverse Possession: Five-Year Limitations Period*

*Tex. Civ. Prac. & Remedy Code §16.021(3)*

*Tex. Civ. Prac. & Remedy Code §16.021(a)*

*Tex. Civ. Prac. & Remedy Code §16.030(a)*

**Note Regarding References:**

References to the Clerk's Record are: [volume] CR [page].

References to Volumes 1 – 4 of the Reporter's Record are: [volume] RR p. [number(s)], line(s) [number(s)].

Volume 5 of the Reporter's Records are the exhibits from both the original trial and second trial; they are referenced as: 5 RR [part] Exhibit [number] (1st/2nd).

References to the Appendix to the brief are: App. [number].

## STATEMENT OF THE CASE

This is an appeal of a lawsuit which involves access to real estate. **JOHN B. GORDON** and **RUTH A. GORDON** (Appellants) filed a lawsuit to establish the existence of an easement by prescription, by necessity, and/or estoppel. **JASON DEMMON** and **JUTTA DEMMON** (Appellees) filed an affirmative defense of limitation and asked the trial court to limit any access across their property to that amount which was truly necessary for ingress and egress. The trial court entered judgment allowing the Gordons an easement by necessity across property owned by the Demmons. Appellees, **JASON DEMMON** and **JUTTA DEMMON** will be referred to as the "Demmons." Appellants, **JOHN B. GORDON** and **RUTH A. GORDON** will be referred to as the "Gordons."

## ISSUES PRESENTED FOR REVIEW

### Issue One

The Trial Court erred in granting the scope of the easement. The easement granted is excessive. There was sufficient evidence presented to support Demmons' affirmative defense of limitation. Any easement granted should be limited to what is necessary to access the Gordons' property.

### Issue Two

Easement by Estoppel. The Trial Court did not err when they did not grant the Gordons an easement by estoppel.

# STATEMENT OF FACTS

The Gordons purchased a 6.02 acre tract of land.

The diagram in Appendix 1 shows the outline of the Gordons' property, the Demmons' property, the property referred to as "Schrader Road," and the property referred to as "South Road". "Schrader Road" (which is, in actuality, the Demmons' driveway) has a driveway made of chip seal which is approximately 20' in width going down through the middle of the property. The "South Road" property is the tract of land purchased by the Demmons which does not contain any improvements and is simply dirt or raw land. There is no road on what the Gordons are calling "South Road". (3 RR, p. 45, lines 15 - 18).

The Demmons obtained title to each of these pieces of property by way of a General Warranty Deed in 2004. (3 RR, p. 87, line 17 – p. 88, line 8); (see App. 2). When the property was purchased by the Demmons, the fences, as they currently exist, were in place. A gate, along with the fencing, was erected by the prior owner of the Demmon property, Mr. Gilbert. (3 RR, p. 49). (Defendants' Exhibit 24 shows the location of the gate at issue. (see App. 2).

When the Gilberts owned the property, the gate across "Schrader Road" was not locked and the Gordons were able to access their property.

After the Demmons purchased this property, they installed a gate closer which effectively locked the gate and kept everyone, except the Demmons off both what is being called "Schrader Road" and the "South Road." (3 RR, p. 58, lines 3 -11; p. 88, lines 2 -8). (see, App. 2 for the location of the gate.)

The Gordons became aware of the locked gate prohibiting their access onto the property in 2004 or 2005 (Gordon testimony, 2 RR, p. 28, lines 18 – 25, p. 44, line 22 – p. 45, line 6). The Gordons jumped the fence at that time to get to their property. (2 RR, page 45). The Gordons did not access the property again until the end of 2011 or early 2011 when Mr. Gordon cut a hole in the fence line for access. (3 RR, p. 117 – p. 118, line 11).

Even after cutting the fence, the Gordons knew they were not allowed to access their property over the Demmons' driveway (the portion of land they are referring to as "Schrader Road). (3 RR p. 152, lines 9 - 14). The Gordons did not file suit in this matter until April, 2011. (3 RR, p. 89, line 25 – p. 91, line 6).

After the Demmons purchased the property at issue, they performed all the maintenance on the property, had exclusive use and enjoyment of the property, and paid timely all the property taxes on the property. (3 RR, p. 87, line 23 – p. 92, line 5).

The access the Gordons have had to the property since they cut the fence in 2010 until the present is depicted in Defendants' Exhibits 15 and 21. (5 RR, Defendants' Exhibits 15 and 21).

## SUMMARY OF THE ARGUMENT

The Trial Court erred in granting the easement along what is being called "Schrader Road" and "South Road".

The Trial Court erred in granting an easement as the Gordons are barred by the Statute of Limitation CPRC §16.025 from asserting an easement across Demmons' property.

Any easement which the Appellants had a claim when they purchased the property along what they are called "Schrader Road" and "South Road" would have been extinguished by the fencing, possession, and limiting access of such property by the Demmons. If the Court is now inclined to rule they somehow still qualify for, or are entitled to, an easement by necessity, case law would require that the Gordons only be given access which would be necessary. The easement of necessity is to provide only a way to access the property. The easement granted by the Trial Court greatly exceeds this.

As to Appellants' second point, the Gordons cannot have an easement by estoppel as the Demmons were innocent purchasers for value. An innocent purchaser cannot be bound by an easement by estoppel. Furthermore, an easement by necessity is the only way a landlocked piece of property may be granted an easement.

# ARGUMENT

## ISSUE ONE

### Issue One Restated

**The Trial Court erred in granting the scope of the easement. The easement granted is excessive. There was sufficient evidence presented to support Demmons' affirmative defense of limitation. Any easement granted should be limited to what is necessary to access the Gordons' property.**

### Argument and Authorities

The Demmons filed the affirmative defense of limitations. While the adverse possession statutes are not specifically written for obtaining easements or for obtaining title by limitations for easements, they do apply to obtaining land or rights in land by possession and use. A claimant may obtain easement rights as well as title rights under the same adverse statute.

*CPRC §16.025. Adverse Possession: Five-Year Limitations Period* states as follows:

"(a)     A person must bring suit not later than five years after the day the cause of action accrues to recover real property held in peaceable and adverse possession by another who:
      (1)     cultivates, uses, or enjoys the property;
      (2)     pays applicable taxes on the property; and

(3)    claims the property under a duly registered deed."

The evidence was undisputed that the Demmons claimed property under a duly recorded deed recorded in July of 2004. (3 RR p. 87 – p. 88, line 8, also Appendix 2). The Demmons paid, in a timely fashion, all applicable taxes on the property. The Demmons used, maintained, and enjoyed the property the Gordons are claiming as an easement. (3 RR p. 87, line 23 – p. 92, line 5). It was undisputed testimony the gate onto the Demmons' drive, (the same property Gordons are calling Schrader Drive), was locked and inaccessible to Gordons from the date of the Demmons purchase of the property. (3 RR p. 58, lines 3 – 11; p. 88, lines 2 – 8). The Gordons testified on numerous occasions they were personally aware as early as 2005, the property was completely locked and Mr. Demmon was prohibiting them from access on his drive, (or Schrader Drive, as referred by the Gordons). (2 RR p. 28 – line 18 – 25; p. 44, line 22 – p. 45, line 6).  In fact, the testimony was also uncontroverted the Appellants (Gordons), climbed over the fence and walked onto the property in 2004 or early 2005. The Gordons both testified that after such time, they were never on the property as they knew the Demmons would not allow them access. (3 RR, p. 152, line 9 – 14). They, additionally, stated on multiple occasions the Demmons made it abundantly clear they could not use their drive.   In 2011, in order to gain access, Mr. Gordon testified he cut the metal fencing next to the gate and made an

entrance so he could get on his property. (3 RR, p. 117 – p. 118, line 11).

Accordingly, from at least 2005 through 2011, when they cut the fence, the Gordons were never on the Demmons' property. Even after cutting the fence, the Gordons testified they were never allowed onto the Demmons' drive. (2 RR, p. 28, lines 18 – 25; p. 44, line 22 to p. 45, line 6).

"Peaceable possession" means possession of real property that is continuous and is not interrupted by an adverse suit to recover the property. *CPRC §16.021(3).*

Based on the record, the Gordons filed suit in April of 2011. Accordingly, the Gordons did not bring a lawsuit within five years of them being physically locked out of the property to which they are claiming an easement.

"Adverse possession" is described in *CPRC, §16.021(a).* It means "an actual and visible appropriation of real property, commenced and continued under a claim of right that is inconsistent with and is hostile in the claim of another person".

Case law provides that to be hostile it does not require an intention to dispossess the rightful owner, or even knowledge that there is one. However, there must be an intention to claim the property as one's own as to the exclusion of all others. *See, Kazmir v. Benevides,* 288 S.W. 3d 557, 564 (Tex. App.-Houston [14th Dist.] 2009, no pet.). In *Martin v. McDonald,* 247 S.W. 3d 224, 235 (Tex. App.- El Paso 2006, no pet.), "the test of hostility is whether acts performed by claimant on

the land, and the use made of the land, [were] of such nature and characteristics to reasonably notify the true owner of the land that a hostile claim was being asserted to the property."

As to "actual and visible appropriation," the facts in our case are that the gate was continually locked since the Demmons purchased the property in 2004. (3 RR p. 58, line 3 – 11; p. 88, line 2 – 8). The Demmons had exclusive possession of their drive and the property referred to as "Schrader Drive" from at least 2005. The property was fenced and gated. The fence and locked gate were for the distinct purpose of keeping other people off the tract of land owned by the Demmons, to include the Gordons and Counts. (2 RR, p. 28, line 18 – 25; p. 44, line 22 – p. 45, line 6). The Demmons solely paid all property taxes, maintained the property, fencing and the driveway into the property. (3 RR p. 87, line 23 to p. 92, line 5). The Gordons knew the Demmons purchased the property in question and by their actions in locking the gate across "Schrader Drive" intended to keep them off of the property. (3 RR, p. 152, line 9 – 14).

If an action to recover real property is barred by any of the provisions of *Chapter 16* of the *Tex. Civ. Prac. & Remedy Code*, as is set forth above, the person who holds the property in peaceable and adverse possession has full title. *Tex. Civ. Prac. & Remedy Code Section 16.030(a)*. The title acquired by adverse possession

precludes all claims *Tex. Civ. Prac. & Remedy Code Section 16.030(a)*. It has been held that title acquired by adverse possession will divest ownership of:

1)      one who holds record title. *Niles v. Dean*, 363 S.W. 2d 317 (Tex. Civ. App. - Beaumont 1953, writ ref'd n.r.e.);
2)      an equitable title. *Lambert v. Weir*, 27 Tex. 359 (Tex 1864);
3)      a title by estoppel. *Wright v. Giles*, 129 S.W. 1163 (Tex. Civ. App. 1910, writ ref'd).

Where title by limitation has vested, the statutory bar is complete against everyone claiming through the former record owner, regardless of the character of the claim. *Wiggins v. Hamilton Oil Co. of Texas*, 203 S.W.2d 252, 257 (Tex. Civ. App. - Beaumont 1947, writ ref'd n.r.e.).

The title acquired by limitation is as good as any fee title. *Clark v. Asbury*, 134 S.W. 286 (Tex. Civ. App. 1911, no writ). In fact, it has been held that the matured title acquired by limitations is legal, not equitable title. *Philadelphia Trust Co. v. Johnson*, 257 S.W. 280 (Tex. Civ. App. - Beaumont 1923, writ denied).

The Demmons have met their burden as to their affirmative defense of limitations. Even if the Gordons could prove some claim of an easement, their failure to institute legal proceedings within five (5) years of the date they were locked out and prohibited from utilizing the Demmons' property for access precludes them from making **any** claim against the Demmons.

Alternatively, if this Court desires to allow the Gordons an easement by necessity, so they are not landlocked, such easement should be limited by what would truly be necessary . . . as opposed giving them total access across property which they have no deed, pay no taxes, nor provide any maintenance. Any easement for access should be just that. An access across only so much of the Demmons' property as to access their separate property. Such access has been utilized successfully by the Gordons since they cut a hole in the fence. The Gordons have actually been utilizing such entrance since 2010. Such entrance allows them full access to their 6.02 acres. The area of the Demmons' property which would allow access to the Gordons' property is highlighted in Appendix 3.

The Trial Court erred in granting an easement which was more extensive than this.

## ISSUE TWO

## ISSUE TWO RESTATED

**Easement by estoppel. The Trial Court did not err in not granting**

**the Gordons an easement by estoppel.**

One theory presented by Appellants at the Trial Court level, was that they had acquired an easement by estoppel, in that when they purchased the property, a prior owner, Mr. Bremser, had led them to believe they had an easement over the tracts in question.

By its very nature, such an easement would not be subject to recordation. Furthermore, Mr. Demmon testified that when he initially purchased the property, he was not informed that the Gordons utilized the property in question as a means of ingress or egress. He was, therefore, an innocent purchaser for value without actual or constructive notice of the easement. (Volume III, pages 46, 72). In such instances, the innocent purchaser will not be bound by an easement by estoppel. *Callan v. Walters*, 190 S.W. 829 (Tex. Civ. App.–Austin, 1916, no writ).

Furthermore, the Supreme Court of Texas, in ***Hamrick v. Hard***, 446 S.W.3d 377 (Tex. 2014) has clarified the law of easements and held that roadway easements to landlocked, previously unified parcels must be tried as implied easements by way of necessity.

## PRAYER

For these reasons, the Court should remand for hearing on the scope of easement. Such easement should be limited to only such of the Demmons' property which would allow the Gordons access to their 6.02 acres. It would not encompass any other portion of what the Gordons are calling "Schrader Road" or "South Road".

Respectfully submitted,

BY: /s/ Jay R. Beatty
State Bar No. 01992450
E-mail: jbeatty@mbaattorneys.com
**ROBERT ALEX BASS**
State Bar No. 24069348
E-mail: abass@mbaattorneys.com
**MICHALK, BEATTY & ALCOZER, LP**
3106 South W. S. Young Drive
Building D, Suite 401
Killeen, Texas 76542
TELEPHONE: (254) 526-3024
FACSIMILE: (254) 526-2545
Attorney for **APPELLEES**

## CERTIFICATE OF SERVICE

I certify that on this the _6th_ day of **September, 2017**, a true and correct copy of the foregoing document has been forwarded to all parties of record by:

☐ Certified Mail,      ☐ Telephonic transfer to recipients'
     Return Receipt Requested      current telecopier number
☑ US Regular Mail      ☐ Hand Delivery
☐ US Express Mail      ☐ Federal Express

Troy L. Voelker
McNery & Voelker, P.C.
500 Round Rock Avenue, Suite 2
Round Rock, Texas 78664


/s/ Jay R. Beatty

# CERTIFICATE OF COMPLIANCE

Relying on the word count function in the word processing software used to produce this document, I certify that the number of words in this reply (excluding any caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature proof of service, certification, certificate of compliance, and appendix) is 3,888.

/s/ Jay R. Beatty

# APPELLEES' APPENDIX

1.     Outline of the Gordons' property, the Demmons' property, the property referred to as "Schrader Road," and the property referred to as "South Road"

2.     Shows the location of the gate at issue

3.     The area of the Demmons' property which would allow access to the Gordons' property

# APPENDIX 1

John B. Gordon and Ruth A. Gordon
v.
Jason Demmon and Jutta Demmon

Appellees' Brief



NOW OR FORMALLY
ROGER MORGAN
JERRY ATCHISON AND
SUSAN ATCHISON
22.18± ACRES

APPROXIMATE LOCATION
OF GOVERNMENT
FLOWAGE EASEMENT
(928/62)

TRACT 3
0.156 ACRES Out of
The J.H. Goslin Survey
Abstract 343

TRACT 1
12.342 ACRES
out of the J.H. Gosline
Survey Abstract 343

GORDON
PROPERTY

TRACT 2
1.661 ACRES Out of
the J.H. Gosline Survey
Abstract 343

NOW OR FORMALLY
JOHN B. GORDON
6.02 ACRES
(1122/351)

10.444 ACRES
(2345/579)

11.100 ACRES
(2345/5)

SCALE: 1" = 150'

KILLEEN ENGINEERING
& SURVEYING, LTD

2901 E. STAN SCHLUETER LOOP
KILLEEN, TEXAS 76542
(254) 526-3981 FAX (254) 526-4351

EXHIBIT

D-f+s 24



Demmon Property

TRACT 1
12.342 ACRES
out of the J.H. Gosline
Survey Abstract 343

NOW OR FORMALLY
ROCKET MORGAN
JERRY ATCHISON AND
SUSAN ATCHISON
22.10% ACRES

APPROXIMATE LOCATION
OF GOVERNMENT
FLOWAGE EASEMENT
(928/62)

TRACT 3
0.156 ACRES Out of
The J.H. Goslin Survey
Abstract 343

NOW OR FORMALLY
JOHN B. GORDON
6.02 ACRES
(1122/351)

TRACT 2
1.661 ACRES Out of
the J.H. Gosline Survey
Abstract 343

10.444 ACRES
(2348/579)

11.100 ACRES
(2348/5)

SCALE: 1" = 150'

KILLEEN ENGINEERING
& SURVEYING, LTD

2901 E. STAN SCHLUETER LOOP
KILLEEN, TEXAS 76542
(254) 526-3981 FAX (254) 526-4351

EXHIBIT
Df+s 24



PROPERTY BEING
CALLES SCHADER
ROAD

SCALE: 1" = 150'

KILLEEN ENGINEERING
& SURVEYING, LTD

2901 E. STAN SCHLUETER LOOP
KILLEEN, TEXAS 76542

EXHIBIT

D-f+s 24



PROPERTY BEING CALLED "SOUTH ROAD"

SCALE: 1" = 150'

KILLEEN ENGINEERING
& SURVEYING, LTD

2901 E. STAN SCHLUETER LOOP
KILLEEN, TEXAS 76542

EXHIBIT

D-f+s 24

# APPENDIX 2

John B. Gordon and Ruth A. Gordon
v.
Jason Demmon and Jutta Demmon

Appellees' Brief



SCALE: 1" = 150'

KILLEEN ENGINEERING
& SURVEYING, LTD

2901 E. STAN SCHLUETER LOOP
KILLEEN, TEXAS 76542
(254) 526-3981 FAX (254) 526-4351

EXHIBIT

D&S 24

# APPENDIX 3

John B. Gordon and Ruth A. Gordon
v.
Jason Demmon and Jutta Demmon

Appellees' Brief



PROPOSED SCOPE OF EASEMENT

TRACT 1
12.342 ACRES
out of the J.H. Gosline
Survey Abstract 343

TRACT 3
0.156 ACRES Out of
The J.H. Goslin Survey
Abstract 343

NOW OR FORMALLY
ROCKE' MORGAN
JERRY ATCHISON AND
SUSAN ATCHISON
22.10± ACRES

APPROXIMATE LOCATION
OF GOVERNMENT
FLOWAGE EASEMENT
(928/62)

TRACT 2
1.66± ACRES Out of
the J.H. Gosline Survey
Abstract 343

NOW OR FORMALLY
JOHN B. GORDON
8.02 ACRES
(1122/351)

GATE

SCALE: 1" = 150'

KILLEEN ENGINEERING
& SURVEYING, LTD

2901 E. STAN SCHLUETER LOOP
KILLEEN, TEXAS 76542
(254) 526-3981 FAX (254) 526-4351

EXHIBIT
Dfts 24